**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLISON DICKE,<br><br>                    **Plaintiff,**<br><br>v.<br><br>JIALIN LI,<br><br>                    **Defendant** | Civ. No. 16-cv-2163 (KM) (MAH)<br><br>**MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

   The plaintiff, Allison Dicke, commenced this *pro se* action for a declaratory judgment, to recover damages from her ex-boyfriend, Jialin Li, for damages arising out of his alleged responsibility for giving her a sexually-transmitted disease, and for a restraining order against Li. Li has moved to dismiss the claim for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). (Dkt. No. 8) For the reasons set forth below, the motion is granted and the complaint is dismissed without prejudice.

   Motions to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) may be raised at any time. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999). Rule 12(b)(1) challenges may be either facial or factual attacks. *See* 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa*, 67 F. Supp. 2d at 438. A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358–59

(3d Cir. 2014); *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438.

No grounds for this Court's subject matter jurisdiction are pled or are apparent. The claims asserted in the complaint sound in intentional infliction of emotional distress, negligent infliction of emotional distress, misrepresentation and defamation. All of these are state law claims. There is no indication that this case presents a federal question. *See* 28 U.S.C. § 1331. Furthermore, no basis for diversity jurisdiction appears. *See* 28 U.S.C. § 1332. The complaint does not plead diversity of citizenship or an amount in controversy exceeding $75,000. Rather, the complaint alleges that both Dicke and Li are citizens of New Jersey. (Compl. (Dkt. No. 1) ¶¶ 9–10) Dicke argues that there is a question as to the location of Li's actual residence, but nowhere does she plead that Li resides in a state other than New Jersey.

I glean from the executed summons states that Li lives in Princeton, New Jersey, not Plainfield, New Jersey, as originally stated. (Dkt. No. 7) If that is the dispute to which Dicke refers, it is of no consequence; both Plainfield and Princeton are in New Jersey. Because both Dicke and Li are citizens of New Jersey, complete diversity between the parties is lacking. In her opposition papers, Dicke asserts that the amount in controversy exceeds $75,000. Without diversity of citizenship, however, the amount in controversy is insufficient to confer jurisdiction.

## CONCLUSION

As the complaint reveals no basis for this Court's subject matter jurisdiction, the complaint will be dismissed. Such dismissal is without prejudice to the filing, within 30 days, of an amended complaint that sets forth a basis for federal court jurisdiction.

Dated: July 5, 2016

**KEVIN MCNULTY**
**United States District Judge**

2