UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(973) 776-7700

CHAMBERS OF
**JAMES B. CLARK, III**
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
2 FEDERAL SQUARE, ROOM 369
NEWARK, NJ 07101

January 6, 2017

**LETTER OPINION AND ORDER**

Re:   <u>Allison Dicke v, Jianlin Li</u>
      Civil Action No. 16-2163 (KM)

Dear Ms. Dicke and Counsel:

Currently pending before the Court is *pro se* Plaintiff Allison Dicke's motion for sanctions pursuant to Fed. R. Civ. P. 11 [Dkt. No. 22] and Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 37 [Dkt No. 27]. Defendant Jianlin Li opposes Plaintiff's motions [Dkt. Nos. 25 and 28, respectively], and Plaintiff has replied [Dkt. Nos. 26 and 29, respectively]. The Court has reviewed and considered the parties' submissions pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1. Plaintiff's motions for sanctions are each **DENIED**.

Plaintiff first requests sanctions pursuant to Fed. R. Civ. P. 11 for Defendant's failure to provide proper service of pleadings. Plaintiff argues that on more than one occasion, she was improperly served with Defendant's motions to dismiss or other papers. The Federal Rules dictate that proper service can be made by mailing papers to the person's last known address, in which event service is complete upon mailing. Fed. R. Civ. P. 5(b)(2)(C). Defendant filed a letter, a certification from counsel, and copies of shipping labels and tracking receipts evidencing that copies of the papers at issue were mailed to the last known addresses provided by Plaintiff [Dkt. Nos. 5, 25-2]. The Court

is satisfied that Defendant complied with his obligations to serve Plaintiff, and therefore issuing sanctions would be inappropriate.

Plaintiff further requests that the Court issue sanctions against Defendant and his counsel, pursuant to Fed. R. Civ. P. 37, for failure to comply with discovery requests. However, formal discovery in this case has not yet begun. Fed. R. Civ. P. 16 and 26, along with their companion Local Rules, govern the discovery process. When considered together, the Civil and Local Rules show that discovery, and by extension motions related to discovery, is generally not permitted until the Court has issued a scheduling order. The initial conference and subsequent entry of a scheduling order may be delayed due to the pendency of a dispositive motion. *See* L. Civ. R. 16.1(a). In the present matter, there is a pending motion to dismiss and the Court has not set a schedule for any discovery in this matter. The suggestion that discovery may proceed without a scheduling order is undercut by Fed. R. Civ. P. 16(f)(1)(C) which instructs that courts may sanction counsel or parties who fail to comply with the court's scheduling order issued under Fed. R. Civ. P. 16(b). As such, issuing Rule 37 sanctions for Defendant's failure to comply with discovery requests made prior to entering a scheduling order appears to be wholly illogical.

For the reasons set forth above, Plaintiff's motions for sanctions pursuant to Fed. R. Civ. P. 11 and Plaintiff's motions for sanctions pursuant Fed. R. Civ. P. 37 are each denied.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT THE CLERK OF THE COURT TERMINATE THE AFOREMENTIONED MOTIONS [DOCKET ENTRY NOS. 22, 27] ACCORDINGLY.**

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**