UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALLISON DICKE,** <br><br> Plaintiff, <br><br> v. <br><br> **JIALIN LI,** <br><br> Defendant | Civ. No. 16-cv-2163 (KM) (MAH) <br><br> **MEMORANDUM OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court is the defendant's Rule 12(b)(1) motion to dismiss the amended complaint for lack of subject matter jurisdiction. The motion is granted.

The plaintiff, Allison Dicke, appearing *pro se*, commenced this action against her ex-boyfriend, Jialin Li, asserting state-law tort claims for damages based on his allegedly having given her a sexually transmitted disease (STD). I previously granted Mr. Li's motion to dismiss the complaint for lack of subject matter jurisdiction, without prejudice to amendment. (ECF nos. 12, 13) Ms. Dicke has now filed an amended complaint. (ECF no. 16, cited as "AC") Mr. Li has moved to dismiss that amended complaint for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1). (ECF no. 17) He asserts that because both he and Ms. Dicke are citizens of New Jersey, the court cannot assert diversity jurisdiction over these state-law claims, pursuant to 28 U.S.C. § 1332(a).

Ms. Dicke responds forcefully that she has been injured and must have a remedy. The only question before me, however, is whether Ms. Dicke can assert her claims *in federal court*. To say diversity jurisdiction is lacking is not to say she does not have a claim; it is merely to say that these New Jersey state-law tort claims, as is usual, must be heard in New Jersey Superior Court. The

1

issue before me is one of the court's subject matter jurisdiction, and it has no bearing on the merits of the claims.

Jurisdiction is lacking here. To invoke diversity jurisdiction, it is not sufficient to sue a person, hypothesize that despite all outward appearances he is an out-of-state domiciliary, and demand "verification" of in-state citizenship. For the reasons set forth below, the motion is granted and the complaint is dismissed, this time with prejudice.

### A. The Complaint

The complaint alleges that Ms. Dicke and Mr. Li were in an "on and off dating relationship" beginning in January 2006.[1] Li allegedly transmitted to Dicke a herpes simplex 2 infection, an STD that is incurable. (AC ¶ 16)

Dicke confronted Li about her diagnosis, in an attempt to get him to "take ownership and responsibility." In response, Li went to court to obtain a restraining order against Dicke under the Prevention of Domestic Violence Act, N.J. Stat. Ann. § 2C:25-17 to -35. (AC ¶¶ 17–19). He obtained a temporary order on August 6, 2014, but it was dissolved on October 1, 2014. (AC ¶ 17) After another confrontation, Li obtained a final restraining order against Dicke on October 17, 2014. In connection with the hearing, Li allegedly made inaccurate and untrue statements. (AC ¶ 18)

The complaint asserts four state-law causes of action. The first two, for intentional and negligent infliction of emotional distress, rest primarily on the transmission of the STD, but also cite Li's conduct in connection with obtaining the restraining order. The third and fourth claims, for misrepresentation and defamation, allege that Li gave false information to the authorities in connection with obtaining the restraining order.

### B. Rule 12(b)(1) Standards

> The burden of establishing federal jurisdiction rests with the party asserting its existence. [citing *DaimlerChrysler Corp. v. Cuno*, 547

---

[1] The termination date of the relationship does not appear in the complaint. Li states in his papers that the relationship both began and ended in 2006. That issue is not critical to my decision here.

> U.S. 332, 342 n. 3, 126 S. Ct. 1854 (2006)]. "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." [citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006))]. A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.' " [citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007))].
>
> "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)]. By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted)].

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnote calls omitted; case citations in footnotes inserted into text).

### C. Facial attack

Familiarity with my prior Order and Opinion is assumed. (*See* ECF nos. 12, 13.) The question here is whether the amended complaint has remedied the deficiencies of the original complaint's jurisdictional allegations. It has not, and the amended complaint therefore cannot survive a facial jurisdictional attack.

The amended complaint, like the original complaint, asserts only state-law claims: intentional infliction of emotional distress, negligent infliction of emotional distress, misrepresentation, and defamation. The amended complaint cites 28 U.S.C. § 1331 (federal question jurisdiction), but it pleads no federal-law claim and raises no federal question. The amended complaint cites 28 U.S.C. § 1367 (supplemental jurisdiction), but a court which lacks

original jurisdiction cannot assert supplemental jurisdiction over pendent state-law claims. (*See* AC ¶ 11.)

More pertinently, the amended complaint cites 28 U.S.C. § 1332 (*see* AC ¶ 11), and invokes the Court's diversity jurisdiction. "Federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.' 28 U.S.C. § 1332(a)(1)." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). There must be complete diversity—*i.e.,* "no plaintiff [may] be a citizen of the same state as any defendant." *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)); *accord Strawbridge v. Curtiss*, 3 U.S. (1 Cranch) 267 (1806) (first announcing the complete diversity rule).

Here, the diversity jurisdiction issue is presented in its simplest form: one plaintiff sues one defendant, and both are natural persons. "A natural person is deemed to be a citizen of the state where he [or she] is domiciled." *Zambelli Fireworks*, 592 F.3d at 419; *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). The Court of Appeals has authoritatively defined the concept of domicile:

> Citizenship is synonymous with domicile, and "the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline,* 412 U.S. 441, 454, 93 S. Ct. 2230, 37 L. Ed. 2d 63 (1973). In determining an individual's domicile, a court considers several factors, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." [citing *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972)] (quotation omitted). Other factors to be considered may include location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration. 13B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3612 (3d ed.2005).

*McCann,* 458 F.3d at 286–87.

The original complaint failed to plead diverse citizenship or an amount in controversy exceeding $75,000. (Compl. (Dkt. No. 1) ¶¶ 9–10) Indeed, it alleged that both plaintiff and defendant were residents of New Jersey.[2] The amended complaint attempts to remedy the omission thus:

> 9. Plaintiff ALLISON DICKE is a resident of the Township of Hillsborough, County of Somerset, State of New Jersey.
>
> 10. Upon information and belief, the residence of Defendant JIANLIN LI cannot be confirmed at the time of this filing. There is no verification that he is a legal resident of New Jersey.
>
> 11. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §§ 1331, 1332, 1367.
>
> 12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events that give rise to this action occurred within this District and Parties reside within this district.
>
> 13. This Court must have subject matter jurisdiction. The severe emotional distress as a result of the physical harm brought on by the Defendant's recklessness in incurable and will greatly affect the emotional and physical well-being of the Plaintiff for the rest of her life. The effects of the acts of the Defendant have had, and will forever continue to have, damages that are immeasurable and far-reaching. The damages in this matter, because of the callous acts that will go on forever, cannot be determined with absolute certainty as this time. However, the Court has said there is no need to state what the damages would be in a case such as this. Stephenson v. Consolidated Rail Corp., 2013 WL 1750005 (D.N.J. April 23, 2013). Given the severity of the long-lasting effects, the award of damages in excess of $75,000 is highly likely.

(AC ¶¶ 9–13)

The amended complaint does not actually allege, directly or by implication, that Mr. Li is a citizen/domiciliary of a state other than New

---

[2] Both the complaint and the defendant's papers cite the parties' "residence," but it is citizenship, a separate concept, that is relevant to diversity jurisdiction. Thus the complaint, even in its amended form, is technically deficient. (AC ¶¶ 10, 11) I set aside that deficiency, a common one which is commonly resolved by amendment, because the complaint's flaws are more fundamental. The amended complaint, by the way, continues to allege elsewhere that *both* "Parties reside within this district." (AC ¶ 12 (venue allegation)).

5

Jersey. It only alleges on information and belief that his residence "cannot be confirmed" and that there is no "verification" of it. (AC ¶ 10) That is an inadequate allegation of diversity of citizenship; even construed in the light most favorable to the plaintiff, it does not set forth that Li is domiciled in another state. The amended complaint therefore does not survive a facial attack, and is subject to dismissal for lack of subject matter jurisdiction.

For this inadequate allegation of citizenship I consider some possible justifications. One might be that it is a permissible allegation "on information and belief," subject to proof later on (although it is not explicitly alleged as such). Such an allegation, however, is more than a mere form of words:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Information and belief" is not a means for a plaintiff to skate past a motion to dismiss with allegations that lack a sufficient basis:

> Tolerance of factual contentions in initial pleadings ... when specifically identified as made on information and belief does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances; it is not a license to ... make claims ... without any factual basis or justification.

Fed. R. Civ. P. 11(c) Advisory Committee Notes, 1993 Amendments (quoted in *Levey v. Brownstone Inv. Grp., LLC*, No. CIV.A. 11-395 ES CLW, 2012 WL 6596127, at *2 (D.N.J. Dec. 18, 2012) (Waldor, U.S.M.J.)); *Plumbers' Local Union No. 690 Health Plan v. Sanofi, S.A.*, No. 15-CV-956 (KM)(MAH), 2016 WL 2757736, at *9 (D.N.J. May 11, 2016).

Paragraph 10 of the amended complaint fails the test of factuality. This complaint does not actually allege, on information and belief or otherwise, that Li is a citizen of another state.³ It simply demands "verification" that Li is a domiciliary of New Jersey. Not incidentally, that is a fact as to which the plaintiff has the burden of pleading and proof. *See* Section B, *supra.* This allegation of out-of-state citizenship is not based upon an "inquiry reasonable under the circumstances," Fed. R. Civ. P. 11(b), or indeed upon any investigation or factual allegations at all. From the complaint, it can be gleaned that the parties' relationship occurred in New Jersey. Apparently, they always interacted here. The complaint suggests no basis for believing that Li has moved out of state. Nor does it reflect the results of reasonable inquiry or investigation. Dicke effected personal service of her complaint on Li at a New Jersey shopping center. According to the process server's affidavit, Li stated that he had moved within the State, from Plainfield to Princeton, but would not give his specific address. Li was reached at a telephone number with a (732) New Jersey area code. (I recognize, of course, that the prevalence of cell phones has undermined the significance of that fact.) (ECF no. 6)

If Ms. Dicke means to imply that this was her reasonable inquiry, that position cannot be accepted. The results of her investigation do not support, but directly contradict, her allegation on information and belief that Mr. Li is domiciled elsewhere. In short, this goes beyond mere lack of investigation; the plaintiff knows and has alleged a great deal of information about Li's domicile, and it all points to New Jersey.

---

³  A nonexclusive example of a sufficient allegation might be "On information and belief, defendant is [a citizen of State X/not a citizen of New Jersey]. The source of my information and the grounds for my belief are [...]."

7

In addition, I am far from satisfied that Ms. Dicke's allegation of out-of-state citizenship, and attendant demands for verification of Mr. Li's home address, are "not being presented for any improper purpose, such as to harass...." Fed. R. Civ. P. 11(b)(1), quoted *supra*. In this case, harassment is not a mere hypothetical possibility. The complaint itself recites that Li has obtained a restraining order against Dicke.[4] The final restraining order, entered after an evidentiary hearing, was based on her unwanted visits to Li's home, as well as "thousands" of harassing emails and text messages, containing threats that Dicke was going to "make [Defendant Li's] life miserable and that he was going to suffer." *J.L. v. A.D.*, No. A-2267-14T1, 2016 WL 958343, at *1–3 (N.J. Super. Ct. App. Div. Mar. 15, 2016). It was shortly after the Appellate Division upheld the restraining order that Ms. Dicke resorted to federal court, filing the original complaint in this action. I consider those proceedings as context for Dicke's insistent demands for information about the defendant's home address, ostensibly for purposes of establishing diversity of citizenship. None of this, of course, negates her tort claim against Mr. Li, but it does place her jurisdictional discovery demands in a disturbing context.

I therefore move on from Rule 11 and consider a second possible justification for these deficient allegations of diversity. The Court of Appeals has given some indication that it will relax pleading standards where there are facial indicia of diverse citizenship and the necessary facts are not reasonably available to the plaintiff. I refer to *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015). That diversity case, however, arose in a specialized corporate context, and it has little application here. Lincoln, a Nebraska citizen, sued AEI, a limited liability company organized and located in New York. The

---

[4] I take judicial notice of the Appellate Division decision affirming the Superior Court's entry of that restraining order. On a facial-challenge standard, which is similar to that governing a Rule 12(b)(6) motion, notice of a related court opinion is appropriate, particularly where, as here, that other proceeding is cited and relied on in the complaint. *In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 & n.7 (3d Cir. 2016); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

citizenship of an LLC is, of course, dependent on the citizenship of every one of its members. *See id.* at 105 & n.13 (citing *Zambelli*, 592 F.3d at 420). Lincoln searched public filings and other available records, and found that AEI "was organized in New York, and the only addresses and business associates listed were located in New York." *Id.* at 103–04. Despite diligent research, however, Lincoln could not ascertain the identity and citizenship of all of AEI's members. Lincoln therefore alleged that AEI was a New York citizen on information and belief. The Court of Appeals, per Judge Fuentes, noted that the members of LLCs are not ordinarily identified publicly. Lincoln's allegation was made after diligent investigation in a context where all known facts pointed to diversity of citizenship. It thus withstood a facial attack, and was found sufficient to put the parties to the burden of addressing a factual attack on jurisdiction.

This complaint, and this situation, are highly distinguishable from those in *Lincoln*.[5] There, all the results of Lincoln's diligent research—such as the state of organization, and the LLC's principal place of business—pointed to New York citizenship, and nothing suggested any connection to Lincoln's home state of Nebraska. Here, the opposite is the case. Dicke and Li knew each other personally. Every piece of information alleged by Dicke indicates that Li lives in New Jersey. The complaint contains no facts suggesting out-of-state citizenship. There is no indication that Ms. Dicke searched public records or otherwise sought to ascertain whether Li had moved out of state. Her independent investigation, such as it was, confirmed that Li still lived in New Jersey: She had Li served in New Jersey, and Li admitted to the process server

---

[5]   Facts aside, there was another extraneous legal factor at play in *Lincoln*. All three of the panel judges—Fuentes, Ambro, and Roth, JJ—joined in a concurring opinion expressing the Court's dissatisfaction with the rule that an LLC, unlike a corporation, shares the citizenship of all its members, and urging the U.S. Supreme Court to reconsider it. *Id.* at 111–13. To the extent the *Lincoln* court's views were shaped by a desire to simplify the jurisdictional inquiry concerning LLCs, they are inapplicable here.

9

that he had moved from Plainfield to Princeton (though he declined to specify his exact address).[6]

Of course it is possible to change domicile by taking up residence in another state and forming an intent to remain there. *McCann*, 458 F.3d at 286–87. But the complaint pleads no facts to support an inference that Li has done that. And absent such facts, "'[a] domicile once acquired is presumed to continue until it is shown to have been changed'.... This principle gives rise to a presumption favoring an established domicile over a new one." *Id.* (quoting *Mitchell v. United States*, 88 U.S. (21 Wall.) 350, 353, 22 L. Ed. 584 (1874)). I will honor that presumption here.

This complaint fails to withstand a facial attack on its jurisdictional allegations, and will be dismissed for lack of subject matter jurisdiction.

### D.     Factual Attack

Based on the foregoing, I do not think that the allegations of the complaint are sufficient to raise a factual controversy as to Li's out-of-state domicile. Nevertheless, in the alternative, I will briefly consider defendant's motion as a factual attack, which would require the court to consider extrinsic evidence.

*Lincoln*, finding the plaintiff's allegations sufficient (as I have not), considered the procedures that should govern what now must be considered a factual attack. A factual attack requires the court to consider extrinsic evidence after appropriate discovery. *See* Section B, *supra*. Such discovery, the Court suggested, should be "narrowly tailored" to jurisdiction. Indeed, said the Court, the answers to "a few interrogatories" would ordinarily be sufficient to settle the factual question of citizenship and permit an early Rule 12(b)(1) dismissal if appropriate. *Id.* at 109.[7]

---

[6]   I observe parenthetically that it strains credulity to think that Li, who is not an attorney, lied to the process server about living in New Jersey as part of a strategy to defeat diversity jurisdiction and keep Dicke's suit in state court.

[7]   *Lincoln* directed that a hearing be held if there is a dispute of a material fact as to the parties' citizenship. 800 F.3d at 105. By implication, if there is *not* such a

In this case, the Court has done the equivalent of permitting those "few interrogatories" recommended by *Lincoln*. The background is as follows. Ms. Dicke served a flurry of discovery demands which sought, *inter alia*, Li's driver's license and other documents which would reveal his home address. Li, through counsel, declined to comply, citing the state court restraining order and the need to shield Li's personal information. Magistrate Judge Clark denied Dicke's motion for sanctions, chiefly because there had not yet been a discovery scheduling order entered. (ECF no. 32) He did, however, schedule a telephone conference in connection with discovery issues. As a result of that call, Judge Clark authorized Li to file a formal motion for a discovery protective order. (ECF no. 33) Judge Clark instructed Li to submit documents pertaining to his domicile under seal. (ECF no. 33 (docket entry and letter order)) Li then filed a sealed declaration attaching such documents. (ECF no. 35) After inspecting the sealed declaration, Judge Clark ordered that Li file a version for public filing, redacted to omit information regarding his address, and granted Dicke leave to respond. (ECF no. 40)[8]

Mr. Li has now submitted a redacted declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746.[9] (ECF no. 41-1) In it, he states that he resides in New Jersey. (His address, revealed in the original declaration but omitted from the redacted declaration, I will call his "Home Address".) He states that he has lived there since the commencement of the action. He attaches a copy of his New Jersey driver's license, which bears the same Home Address

---

genuine issue of fact, the matter may be disposed of on a summary judgment standard. Such a disposition, in the alternative, would be appropriate here.

[8] Li's motion for a protective order (ECF no. 35) may be regarded as granted to the limited extent of permitting such redaction. The basis for redaction is clear. The state court has entered a final restraining order, now upheld on appeal, based on a history of persistent harassment that continued even after the entry of the first, temporary restraining order. *See J.L. v. A.D.*, No. A-2267-14T1, 2016 WL 958343, at *1–3 (N.J. Super. Ct. App. Div. Mar. 15, 2016).

[9] This meets Ms. Dicke's specific objection that Li's statement to the process server, though contained in the process server's affidavit, was not sworn by Li himself. (ECF no. 19 at 1)

(masked in the redacted version).[10] Also attached is a copy of his New Jersey registration for a 2012 model year passenger vehicle. The registration expires as of June 2017,[11] and it, too, bears the Home Address (again, masked in the redacted version). Finally, the defendant attaches his State of New Jersey Insurance Identification Card for the same vehicle, effective 2/15/16 through until 2/15/2017, which likewise bears the Home Address (again, masked in the redacted version).

In response to the motion to dismiss, Ms. Dicke submitted nothing in sworn form. Reversing the burden of proof, she continued to object that there is "no actual proof of [Li's] domicile." (ECF no. 19 at 1) Judge Clark's order also authorized Ms. Dicke to file an additional written response to Mr. Li's redacted declaration by March 1, 2017. (ECF no. 40) She has not responded with any substantive addition to her prior arguments.

Ms. Dicke finds it suspicious that Mr. Li will reveal to the Court *in camera*, but not to her, his current address. This is not suspicious; his attorneys have stated the reason, which is based on the State restraining order. Dicke generally refers to Li's having "family ties in China and Brazil," and states that he has traveled there. She also cites his ownership of properties in

---

[10] The license, issued August 18, 2016, expires on May 31, 2018. It presumably is a replacement or renewal license. This action was filed on April 18, 2016. Given that Li's prior New Jersey domicile is not contested, the fact that he remained a New Jersey domiciliary several months after the action was filed is relevant.

To obtain a New Jersey driver's license, the applicant must present acceptable proof of identity and address under the "6 Point ID Verification Program." These include primary documents such as a birth certificate or passport, and secondary documents such as school and employment ID cards, marriage certificates, and the like. Additional address verification is required through such items as recent credit or utility bills, bank statements, school transcripts, leases, and property tax bills. www.state.nj.us/mvc/pdf/Licenses/ident_ver_posterpint.pdf

[11] Assuming it is a new car registration, it would have had a term of four years—*i.e.*, it would have been obtained in June 2013. See "*New Vehicle Registration*," www.state.nj.us/mvc/Vehicle/NewVehicle.htm. A vehicle registration is required to bear the "street address of the residence or the business of the owner." N.J. Stat. Ann. § 39:3-4. A mailing or post office address is ordinarily not acceptable. *See id.* Mr. Li's registration does bear a street address.

12

other states, "which at this time, could be his domicile." (ECF no. 19 at 2) [12] These contentions are presented in a letter, not in evidentiary form. Moreover, they are speculative and nonspecific. Merely stating that Li's domicile "could" be elsewhere is not sufficient. And where, as here, the plaintiff bears the burden of pleading and proof, it is not sufficient to state that "there is no credible evidence that the Defendant is currently domiciled in the State of NJ." *Id.*

Ms. Dicke further asserts that this court "must have subject matter jurisdiction" because of the severe emotional distress and physical harm she has suffered. *Id.* Such contentions may suggest that she should have a remedy somewhere; they are irrelevant to the issue of whether she can bring her state-law tort claims in federal court, a purely jurisdictional issue.

In short, I have dismissed the action based on a facial attack, but even if I treated this as a factual attack, I would be constrained to dismiss the complaint for lack of subject matter jurisdiction. Consideration of that extrinsic evidence confirms that further amendment would be futile, and reinforces the Court's decision that the dismissal, whether facial or factual, should be with prejudice.

## CONCLUSION

The defendant's motion (ECF no. 17) pursuant to Rule 12(b)(1) to dismiss the amended complaint for lack of subject matter jurisdiction is GRANTED. The amended complaint is dismissed with prejudice. Any other motions, to the extent they remain outstanding (*e.g.,* Protective Order motion, ECF no. 35), are terminated as moot.

Dated: March 15, 2017

_____
**KEVIN MCNULTY**
**United States District Judge**

---

[12] Ms. Dicke apparently learned these facts when the parties were in their relationship, at a time when, as everyone seems to agree, Mr. Li was a New Jersey domiciliary. These facts are not so versatile that they can now be repurposed as proof that he is an out-of-state domiciliary.